UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00205-JAW-08 |
| | ) | |
| ED COGSWELL | ) | |

**ORDER ON DEFENDANT ED COGSWELL'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY FROM LAW ENFORCEMENT AGENTS**

With trial looming, Ed Cogswell moves in limine to limit the scope of law enforcement officers' testimony "to the steps of the investigation and precluding any expert opinion testimony from law enforcement witnesses." *Def. Ed Cogswell's Mot. in Limine to Preclude Expert Test. From Law Enforcement Agents* at 1 (ECF No. 359). Mr. Cogswell seeks to preclude law enforcement officers from testifying about "(1) characteristics of drug dealers, (2) the modus operandi of drug dealers, (3) the significance of their findings in this matter as it relates to drug dealing, (4) interpreting the meaning or significance of evidence seized." *Id.*

Although the Government has not responded, the Court addresses this motion because trial is scheduled next week and the answer is clear. As Mr. Cogswell recognizes, on December 17, 2012, the Court rejected a defense motion to treat as experts law enforcement officers who testify about "certain aspects of drug trafficking, such as the quantity of drugs consistent with personal use, the tools of the drug trade, transportation of drugs, and interpretation of code works within

wiretapped conversations." *United States v. Razo*, No. 1:11-cr-184-JAW, 2012 U.S. Dist. LEXIS 178176 *11 (D. Me. Dec. 17, 2012).

The Court based its ruling on First Circuit precedent. *United States v. Valdivia*, 680 F.3d 33, 49-51 (1st Cir. 2012); *United States v. Maher*, 454 F.3d 13, 24 (1st Cir. 2006); *United States v. Ayala-Pizarro*, 407 F.3d 25, 29 (1st Cir. 2005). In his concurrence in *Valdivia*, Judge Lipez urged a reevaluation of the Circuit's position on this issue, but recognized that First Circuit precedent was binding on the panel. *Valdivia*, 680 F.3d at 56. As the Court observed in *Razo*, if the Government chooses to do so, it is not prohibited from designating law enforcement officers as experts. *Razo*, 2012 U.S. Dist. LEXIS 178176 *16-17 n.2. However, under current First Circuit law, if they testify about the types of drug trafficking activity described in *Valdivia*, the officers are not rendering expert opinions but are testifying "comfortably within the boundaries of permissible law opinion testimony." *Valdivia*, 680 F.3d at 50.

The Court DENIES Defendant Ed Cogswell's Motion in Limine to Preclude Expert Testimony from Law Enforcement Agents (ECF No. 359).

SO ORDERED.

> /s/ John A. Woodcock, Jr.
> JOHN A. WOODCOCK, JR.
> CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2013