UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-00205-JAW-08 |
| | ) | |
| ED COGSWELL | ) | |

**ORDER ON MOTION FOR RELEASE PENDING SENTENCING**

Right after being convicted of a mandatory detention crime, the Defendant moved for release pending sentencing on the ground that he needs knee surgery. The Court denies the motion because it concludes that he has not satisfied his burden by clear and convincing evidence that he poses no danger to the safety of any other person or the community and because it concludes that he has not clearly shown that there are exceptional reasons why his detention would not be appropriate.

**I.     STATEMENT OF FACTS**

On January 31, 2013, the sixth day of trial, the jury returned verdicts of guilty against Ed Cogswell for engaging in a conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) and 846.  *Jury Verdict* at 2 (ECF No. 390).  The jury found that the conspiracy involved 280 grams or more of a mixture or substance containing cocaine base, a finding that makes applicable the statutory penalties of 21 U.S.C. § 841(b)(1)(A) of a period of incarceration not less than ten years and up to life.  *Id.*

Upon his conviction, under 18 U.S.C. § 3143(a)(2), Mr. Cogswell was subject to mandatory detention pending the imposition of sentence because he did not fit within any of the narrow exceptions to detention. *See* 18 U.S.C. § 3143(a)(2) (providing that the court must detain unless the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, that an attorney for the Government has recommended no sentence of imprisonment, and that the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community). Section 3143(a)(2) makes post-conviction, pre-sentence detention mandatory for a crime in which the maximum sentence is life imprisonment and an offense for which the maximum term of imprisonment is ten years or more under the Controlled Substances Act. *See id.* (referring to 18 U.S.C. §§ 3142(f)(1)(B), (C)). Mr. Cogswell fits within both categories. Accordingly, directly after the verdict, the Court ordered Mr. Cogswell detained. As the Court did so, defense counsel alerted the Court that he intended to file a motion for release pending imposition of sentence.

## II. THE PARTIES' POSITIONS

### A. Ed Cogswell's Motion

On February 25, 2013, Mr. Cogswell filed his promised motion. *Def.'s Mot. for Post-Verdict Release* (ECF No. 392) (*Def.'s Mot.*). Mr. Cogswell concedes that he is subject to mandatory detention, but he points to another statutory provision, 18 U.S.C. § 3145(c) that allows a court to release a defendant pending sentence "if it is clearly shown that there are exceptional reasons why such person's detention would

2

not be appropriate." *Id.* at 1 (quoting § 3145(c)). Mr. Cogswell presents the following reasons for his release, which he contends are exceptional. First, he says he requires knee replacement surgery. *Id.* at 2. For support, he provides a letter from Orthopaedic Surgery of Maine, rescheduling an appointment with Dr. John Bradford, a Bangor orthopaedic surgeon, for a follow-up visit on February 15, 2013. *Id.* Attach. 2, *Letter from Orthopaedic Surgery of Maine to Edward E. Cogswell* (Jan. 11, 2013) (*Jan. 11, 2013 Letter*). He seeks release so that he can obtain this surgery and undertake post-surgical rehabilitation. *Id.* at 2. Mr. Cogswell would prefer to receive his knee replacement "on release rather than in jail" and he is concerned about whether the Bureau of Prisons will permit him to obtain surgery while he is incarcerated. *Id.* at 3.

Mr. Cogswell also points out that he was on pretrial release for nearly one year living with his girlfriend and their newborn son. *Id.* at 2. He says he was regularly drug-tested and produced no positive tests. *Id.* He not only did not violate his conditions of pretrial release but also received a letter of commendation from his Probation Officer. *Id.* Attach. 1, *Letter from Stacy Laflin to Edward Cogswell* (Dec. 3, 2012). In these circumstances, he maintains that he is not likely to flee, does not present a risk to the community, and requires release for the contemplated surgery. *Id.* at 1-3.

### B. The Government's Opposition

The Government opposes Mr. Cogswell's motion for release. *Objection of the United States to Def.'s Mot. for Release Pending Sentencing* (ECF No. 394). The

Government points out that Mr. Cogswell is subject to mandatory detention unless he clearly demonstrates "exceptional reasons" for his release. *Id.* at 1. Analyzing the eight factors the Ninth Circuit identified for determining whether exceptional reasons exist under § 3145(c) in *United States v. Garcia*, 340 F.3d 1013, 1019-21 (9th Cir. 2003), the Government urged the Court to conclude that Mr. Cogswell failed to meet his burden for presentence release under the statute. *Id.* at 3-4.

## III. DISCUSSION

Because Mr. Cogswell was convicted of a violation of 21 U.S.C. §§ 841(a)(1) and 846, the penalty provisions of 21 U.S.C. § 841(b)(1)(A) apply to his case, and because he does not fit within any of the narrow exceptions to mandatory detention, the statute directs that the Court "shall order" him detained pending imposition of sentence. 18 U.S.C. § 3143(a)(2). Mr. Cogswell's only avenue for release is 18 U.S.C. § 3145(c), which provides the trial court with the authority to release him but does so with some constraints. *See United States v. Weiner*, No. 92-1708, 1992 U.S. App. LEXIS 28794, at *8-9 (1st Cir. July 31, 1992). First, to qualify for release, a defendant must meet the "conditions of release set forth in section 3143(a)(1)", which require that he demonstrate "by clear and convincing evidence" that he "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3145(c); 18 U.S.C. § 3143(a)(1). If he satisfies this hurdle, Mr. Cogswell must next demonstrate "exceptional reasons" that his detention "would not be appropriate." 18 U.S.C. § 3145(c).

Regarding the § 3143(a)(1) criteria, the Court concludes that Mr. Cogswell is not likely to flee. He has remained in the District of Maine during the pendency of this case and he has a girlfriend and newborn baby to keep him here. The Court is not convinced, however, that he does not present a danger to the safety of any other person or the community. First, Mr. Cogswell has been convicted of a serious drug trafficking crime, which involved the distribution of significant amounts of crack cocaine in the Bangor, Maine area. Next, during the trial, his primary defense was that he was so profoundly addicted to crack cocaine that his involvement with crack cocaine dealers from the Dominican Republic was purely for personal use, not for his own drug trafficking. Thus, although it is true that he did not test positive for the use of drugs during the pretrial period, by his own defense, Mr. Cogswell presented the risk that if released, he would return to his addiction.

Third, to meet the burden under § 3143(a)(1), a defendant typically presents evidence of his criminal record. *See United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004). Mr. Cogswell has failed to inform the Court as to whether he has a criminal record and, as it is his burden to establish his entitlement to release, the Court will not assume he does not. As the Court observed in *United States v. Bernard*, compliance with conditions of pretrial release and a lack of significant criminal history are "necessary but not sufficient" grounds for post-conviction release. No. 1:12-cr-00022-JAW-02, 2013 U.S. Dist. LEXIS 14984, at *5-6 (D. Me. Jan. 14, 2013). Here, Mr. Cogswell has not presented this necessary evidence.

5

Regarding the "exceptional reasons" standard, Mr. Cogswell points to his compliance with bail conditions and his need for knee surgery. Mr. Cogswell is of course to be commended for his compliance with the conditions of his pretrial release. However, mere compliance with bail conditions cannot be considered exceptional. *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (compliance with terms of pretrial release is not exceptional); *Bernard*, 2013 U.S. Dist. LEXIS 14984, at *5. Similarly, a defendant's need for surgery, absent unusual circumstances, does not constitute an exceptional circumstance under § 3145(c). *United States v. Wages*, 271 F. App'x. 726, 728 (10th Cir. 2008) ("[I]t is a rare case in which health conditions present an 'exceptional reason'"); *Bernard*, 2013 U.S. Dist. LEXIS 14984, at *5-8; *United States v. Wayman*, No. 3:11-cr-22, 2011 U.S. Dist. LEXIS 115308, at *9 (E.D. Tenn. Oct. 5, 2011) (concluding that the need for surgery for a torn meniscus is not an exceptional reason).

Moreover, Mr. Cogswell has submitted a woeful lack of corroboration of his need for a knee replacement. The only medical documentation is a letter from an orthopaedic practice rescheduling an appointment. *Jan. 11, 2013 Letter*. Mr. Cogswell has elected not to provide the Court with any medical records; let alone a letter from a surgeon confirming that he actually needs surgery. Instead, his attorney merely makes the unverified assertion that he needs the surgery; at this stage, his word alone does not sustain his clear and convincing burden of proof and the Court will not conclude based only on the fact he has an appointment with an orthopaedic surgeon that he has a condition that needs surgery.

In addition, the timing is suspect. Mr. Cogswell was indicted on January 12, 2012 and convicted on January 31, 2013. Mr. Cogswell has not explained why, if he has needed knee surgery, the need became so suddenly urgent only after the jury verdict. There is no indication why he did not have the surgery during the year he was waiting for trial.

Furthermore, Mr. Cogswell has given no indication regarding when he intends to undergo surgery and the expected length of his recuperation. The Court ordered the Probation Office to prepare a Presentence Investigation Report on Mr. Cogswell and once that Report has been prepared, Mr. Cogswell will be ready to be sentenced. As the District Court in the Eastern District of Tennessee noted in *Wayman*, "there is no clear evidence in the record that the time between [the guilty verdict] and his sentencing hearing would be sufficient for the needed rehabilitation." *Wayman*, 2011 U.S. Dist. LEXIS 115308, at *9. The Court suspects that Mr. Cogswell's legal case would be ready for resolution far sooner than his medical case.

Finally, Mr. Cogswell has not presented any evidence that, if surgery is needed, it would be unavailable in prison. *See United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) (rejecting defendant's § 3145(c) motion in part because "there is no indication that defendant's condition cannot be properly treated at the Bureau of Prison's medical facilities").

7

## IV. CONCLUSION

The Court DENIES Ed Cogswell's Motion for Release Pending Sentencing (ECF No. 392).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODOCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2013